IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARRELL D. BANKS, | § | |
| | § | No. 159, 2026 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2103004746 (S) |
| STATE OF DELAWARE, | § | 2203014897 (S) |
| | § | 2204005294 (S) |
| Appellee. | § | 2210000048 (S) |
| | § | |

Submitted: June 4, 2026
Decided: August 10, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)     On July 5, 2022, Darrell D. Banks resolved three criminal cases (Cr. ID Nos. 2103004746, 2203014897, and 2204005294) by pleading guilty to disregarding a police signal, second-degree assault, second-degree conspiracy, and unauthorized use of a vehicle. The Superior Court sentenced Banks as follows: (i) for disregarding a police signal, two years of Level V incarceration, with credit for 55 days previously served, suspended after 90 days for one year of Level III probation; (ii) for second-degree assault, eight years of Level V incarceration, suspended for one year of Level III probation; (iii) for second-degree conspiracy, two years of Level V incarceration,

suspended for one year of Level III probation; and (iv) for unauthorized use of a vehicle, one year of Level V incarceration, suspended for one year of Level III probation. The sentencing order also provided for Banks to be evaluated for substance abuse and to follow any recommendations for treatment.

(2) In November 2022, Banks was charged by information with new crimes in Cr. ID No. 2210000048. Based on the new charges, he was also charged with violating his probation in Cr. ID Nos. 2103004746, 2203014897, and 2204005294. The VOP hearing was continued while the new charges were pending.

(3) On September 6, 2023, Banks pleaded guilty to possession with intent to deliver ("PWITD") and possession of firearm ammunition by a person prohibited ("PABPP") in Cr. ID No. 2210000048. The Superior Court sentenced Banks as follows: (i) for PWITD, eight years of Level V incarceration, with credit for 181 days previously served, suspended after two years of Level V incarceration and successful completion of a program in DOC's discretion for decreasing levels of supervision; and (ii) for PABPP, eight years of Level V incarceration, suspended for eighteen months of Level III probation.

(4) On September 15, 2023, the Superior Court found that Banks violated his probation in Cr. ID Nos. 2103004746, 2203014897, and 2204005294. The Superior Court sentenced Banks for the VOP as follows: (i) for second-degree assault, six years and eleven months of Level V incarceration, suspended for decreasing levels of supervision; (ii) for second-degree conspiracy, two years of Level V incarceration,

suspended for one year of Level III probation; (iii) for disregarding a police signal, one year and nine months of Level V incarceration, suspended for one year of Level III probation; and (iv) for unauthorized use of a vehicle, one year of Level V incarceration, suspended for one year of Level III probation.

(5) In April 2025, Banks was charged with new crimes (which were later dropped) and violating his probation. On July 18, 2025, the Superior Court found that Banks violated his probation. The Superior Court sentenced Banks as follows: (i) for second-degree assault, six years and nine months of Level V incarceration, suspended for one year of Level III probation; (ii) for second-degree conspiracy, two years of Level V incarceration, suspended for one year of Level III probation; (iii) for disregarding a police signal, one year and nine months of Level V incarceration, suspended for one year of Level III probation; (iv) for unauthorized use of a vehicle, one year of Level V incarceration, suspended for one year of Level III probation; (v) for PWITD, five years and eleven months of Level V incarceration, suspended for one year of Level III probation; and (vi) for PABPP, eight years of Level V incarceration, suspended for one year of Level III probation.

(6) On February 6, 2026, an administrative warrant was returned for Banks's VOP. The VOP report alleged that Banks: (i) missed a scheduled office visit with his probation officer on February 4th; (ii) admitted to the use of oxycodone and tested positive for it; and (iii) violated curfew multiple times. At the February 27, 2026 VOP

hearing, the Superior Court granted Banks's request for a continuance so that he could retain private counsel.

(7)    After a hearing on March 19, 2026, the Superior Court found that Banks violated his probation. The Superior Court sentenced Banks as follows: (i) for second-degree assault, six years of Level V incarceration, suspended after one year of Level V incarceration and successful completion of a Level V program in DOC's discretion for decreasing levels of supervision;  (ii) for second-degree conspiracy, two years of Level V incarceration, suspended for one year of Level III probation; (iii) for disregarding a police signal, one year and nine months of Level V incarceration, suspended for one year of Level III probation; (iv) for unauthorized use of a vehicle, one year of Level V incarceration, suspended for one year of Level III probation; (v) for PWITD, five years and eleven months of Level V incarceration, suspended for one year of Level III probation; and (vi) for PABPP, eight years of Level V incarceration, suspended for eighteen months of Level III probation. This appeal followed.

(8)    In his opening brief, Banks argues that the Superior Court erred by (i) finding that he violated his probation without finding that he knowingly waived his right to a contested VOP hearing; (ii) imposing a drug treatment program as part of his Level V sentence; and (iii) failing to credit him with time spent at Level V and the Level IV VOP Center before the March 19, 2026 VOP hearing.

(9)     The record reflects that Banks did not preserve his right to a contested VOP hearing. At the beginning of the March 19, 2026 VOP hearing, Banks's counsel stated:

> Your Honor, he is here for a violation of probation. There are three counts of the violation that we have gone through. Although he disputes some of them, he does acknowledge that he missed at least one curfew time period. That alone would put him in violation.
>
> I've discussed with him his options, that he could contest all of them, and we'd have a hearing on every one, or he could acknowledge violation. And understanding his options, I believe he would acknowledge at least that he missed the curfew.[1]

Banks then acknowledged that he missed curfew, his counsel reiterated that this constituted a VOP, and the Superior Court found a VOP and listened to counsel's arguments concerning the appropriate sentence. Banks waived his right to a contested hearing, and his admission was sufficient to justify the Superior Court's revocation of his probation.[2]

(10)    Banks's claims concerning his sentence also lack merit. This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[3] When the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or

---

[1] Opening Br. App. at A14-15.
[2] *See, e.g., Powel v. State*, 314 A.3d 664, 2024 WL 707190, at *2 (Del. Feb. 20, 2024) (TABLE) (holding that a defendant's admissions at the VOP hearing constituted sufficient competent evidence of a VOP).
[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

bias, or a closed mind."[4] Once Banks committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[5]

(11) Conditioning Banks's release from Level V incarceration upon successful completion of a treatment program did not violate *Tapia v. United States*[6] as Banks argues. As this Court has previously explained, the United States Supreme Court held in *Tapia* that the Sentencing Reform Act of 1984 ("SRA"), 18 U.S.C. § 3551 et seq., precludes a district court from lengthening a defendant's prison term to ensure completion of a treatment program.[7] This ruling "was based upon language in the SRA that a sentencing court must recognize 'that imprisonment is not an appropriate means of promoting correction and rehabilitation.'"[8] Banks was sentenced under the Delaware Criminal Code, not the SRA, and he does not point to any Delaware authority that would prohibit the Superior Court from sentencing him to six years of Level V incarceration, suspended after one year of Level V incarceration and successful completion of a Level V program in DOC's discretion.

(12) Finally, Banks did receive credit for the time he spent at Level V and the Level IV VOP Center between February 5, 2026 and March 19, 2026. A defendant is entitled to Level V credit for time previously served at Level V or the Level IV VOP

[4] *Id.*
[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[6] 564 U.S. 319 (2011).
[7] *Knox v. State*, 122 A.3d 1289, 2015 WL 4915773, at *2 (Del. Aug. 17, 2015) (TABLE).
[8] *Id.* (quoting 18 U.S.C. 3582(a)).

Center.[9] The March 19, 2026 sentencing order reduced the Level V time for Banks's second-degree assault conviction from six years and nine months to six years, suspended after one year and completion of a program in DOC's discretion. The order also stated that the Level V sentence took into consideration all time Banks had previously served. The reduction in Level V time more than accounted for the approximately six weeks of time Banks served between February 5, 2026 and March 19, 2026.[10]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[9] *See* 11 *Del. C.* § 3901(c) ("Any period of actual incarceration of a person awaiting trial, who thereafter before trial or sentence succeeds in securing provisional liberty on bail, shall be credited to the person in determining the termination date of sentence."); *Anderson v. State*, 913 A.2d 569, 2006 WL 3931460, at *1 (Del. Dec.5, 2006) (TABLE) (holding inmate is entitled to Level V credit for time served at Level V and Level IV VOP Center).

[10] *See, e.g., Rittenhouse v. State,* 103 A.3d 515, 2014 WL 5690489, at *2 (Del. Nov. 3, 2014) (TABLE) (concluding that one-year reduction of Level V time in VOP sentencing order accounted for five months of time he served before the VOP hearing).